## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 18-04996-BKT/C** |
| **JUSTINO DELGADO RIVERA** | |
| **Social Security: xxx-xx-2430** | **CHAPTER 13** |
| | |
| **Address:** | |
| **BO. CELADA PARCELAS NUEVAS** | |
| **CALLE 31 PARCELA 479** | |
| **GURABO, PR 00778** | |
| | |
| **DEBTOR** | |

### OBJECTION TO CLAIM NUMBER (14)
### BY CREDITOR FIRSTBANK PUERTO RICO
### OF CLAIM AND NOTICE OF OPPORTUNITY FOR HEARING

**TO THE HONORABLE COURT:**

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

### INTRODUCTION

1.      In this objection, the Debtor seeks the disallowance and/or adjustment of Proof of Claim No. 14, a claim for post-petition amounts, because Firstbank Puerto Rico seeks payment of amounts not owed to claimant. In addition, the proof of claim filed by Firstbank Puerto Rico is incompatible with the provisions of the confirmed Chapter 13 Plan.

### BACKGROUND

2.      On September 9, 2019, Firstbank Puerto Rico, hereinafter referred as "Claimant" filed Proof of Claim No. 14 in the amount of $75,206.17 as a secured claim in this case, and

listed the amount of $6,502.50 as arrears, which are disclosed as post-petition arrears. Per the supporting documents to Proof of Claim No. 14, page 4 of 62, Claimant alleged eleven (11) months in arrears.

3.      On July 26, 2019, (128) days prior to the filing of Proof of Claim No. 14, Claimant filed a motion requesting relief of the automatic stay, alleging the amount of $3,854.16 as post-petition arrears. Per the supporting documents to the motion, Docket entry number 53, page 62 of 68, Claimant alleged seven (7) months in arrears and listed different monthly installment payments, without any detail or explanation.

## OBJECTION TO CLAIM

4.      Debtor objects to the amount of arrears claimed by creditor, because it is excessive, and includes amounts that were provided for in the confirmed plan and will be paid by the Trustee as part of the confirmed plan.

5.      The confirmed plan, Docket No. 13, at section 8.130, provides for the Trustee to pay the monthly mortgage payments to Firstbank Puerto Rico, a provision commonly referred to as "Conduit Mortgage Payments." Section 8.130 provides as follows, with bold supplied:

> 8.130 CONDUIT MORTGAGE PAYMENT AND MODIFICATION OF LBF G, SECTION 3.1 AND 7.2
>
> 8.130(a) The debtor(s) will send to the Chapter 13 Trustee, the amount provided in section one (1) of this plan (PAYMENT SCHEDULE). The Chapter 13 Trustee's conduit mortgage payments include **all post-petition monthly mortgage payments that accrue, beginning with month immediately after the filing of the petition**, and disbursements are to be performed as indicated in sections 8.130(b),(c),(d), and (e). As an example, if the petition was filed January 1, 2018, the first accrued

post-petition payment is the one corresponding to the month of February 2018.

8.130(b) **Upon confirmation of the plan, the Chapter 13 Trustee shall make**, as soon as practicable, **two (2) post-confirmation monthly mortgage payments as provided below**, before any other creditor or attorney's fees, corresponding to the two (2) months immediately after the entry of the order confirming the plan. As an example, if the entry of the order confirming the plan is entered on January 1, 2018, the Chapter 13 Trustee shall first disburse, before any other creditor or attorney's fees, the payments corresponding to the months of February and March 2018.

8.130(c) As provided below, **the Chapter 13 Trustee shall continue making the post-confirmation monthly mortgage payments to the corresponding creditor**, before any other creditor or attorney's fees, until dismissal, conversion, completion of the plan base or as otherwise ordered by the Court.

8.130(d) **Any monthly mortgage payment that accrues post-petition, and prior to the confirmation of the plan, will be treated as a post-petition arrearage to be paid through the plan**, and shall be paid before any other creditor, but after the direct disbursements by the Chapter 13 Trustee provided by section 3.1. The Chapter 13 Trustee will pay these post-petition amounts as soon as practicable after the filing of a proof of claim for the post-petition amounts described in this section 8.130(d). If the creditor files proof of claim for these post-petition amounts, within sixty (60) days of the confirmation of this plan, the creditor's proof of claim will be controlling as to the amount. If the creditor fails to file a proof of claim for these post-petition amounts, within sixty (60) days of the confirmation of this plan, these post-petition amount shall be erased and forever waived by the creditor, and shall be discharged upon the completion of all plan payments. Nothing in this section requires the Chapter 13 Trustee to reserve post-confirmation amounts for the payment of post-petition-arrears accumulated prior to the confirmation of the plan.

8.130(e) Payments are to be made to the creditor(s) and/or servicer(s) named below, to the address indicated below, or as otherwise requested by the creditor(s) and/or servicer(s) to the Chapter 13 Trustee. Payments will be considered received by the creditor(s) and/or servicer(s) upon receipt by the Chapter 13 Trustee. The Chapter 13 Trustee will not be personally liable for any charges. The payments to be made in the amount indicated below or as otherwise informed , from time to time, by the creditor(s) and/or servicer(s) by the filing a "Notice of Payment Changes" pursuant to bankruptcy rule 3002.1(b), in which case the plan will be deemed modified without the need of further notice, hearing or Court order.

3

6.      As per the terms of the confirmed plan, the Chapter 13 Trustee will make current mortgage payments beginning with the month immediately after the confirmation of the plan, in this case beginning with the payment corresponding to the month of January 2019, because the plan was confirmed on December 3, 2018, at Docket No. 32.

7.      Also, as per the terms of the confirmed plan, all the post petition mortgage payments that accrued after the filing of the petition (08/31/2018) and the confirmation of the plan (12/03/2018) will be paid as post-petition arrears under the plan. Thus, in this case, the payments of September, October, November and December of the year 2018, accrued after the filing of the petition and will be paid as post-petition arrears under the terms of the plan.

8.      To avoid any delays in the distribution of the post-petition arrears, the Debtor filed Proof of Claim No. 13, including the post-petition mortgage arrears to Firstbank corresponding to the four (4) months previously described September, October, November and December of the year 2018, which as per the confirmed plan were $497.00. Accordingly, a proof of claim for $1,988.00.

9.      Debtor has no arrears with Firstbank Puerto Rico, since Debtor's confirmed plan provides for mortgage payments to be remitted directly by the Trustee upon confirmation.

10.     Firstbank Puerto Rico has not provided evidence to show why it is entitled to the amount claimed in arrears, since the Trustee has remitted to Claimant the amount of $5,467.00.

4

11.     Claimant did not include any documentation and/or information as to the calculations resulting in the aforementioned amount, if the amounts are in fact owed, something we deny. Debtor contends that Firstbank Puerto Rico is not entitled to collect any amount being claimed for post petition amounts that were not specifically approved by the Court. Accordingly, Firstbank Puerto Rico must provide the order approving the amounts being claimed, other than the monthly mortgage amount at the time of the filing, as there has not been a notice of mortgage payment change since the filing of the petition.

12.     Being the collateral Debtor's principal residence the provision os Rule 3002.1 come into play. Under Bankruptcy Rule 3002.1 (c), the holder of claims secured by a security interest in the Debtor's principal residence is required to provide the following information for seeking and/or imposing post petition fees, costs and/or expenses:

> (c) The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges:
>
> (1) that were incurred in connection with the claim after the bankruptcy case was filed, and
>
> (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence.
>
> The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

13.     Accordingly, Debtor object the amount claimed for bankruptcy fees, expenses and charges not previously authorized pursuant to Under Bankruptcy Rule 3002.1, and the claim amount and the arrears must be reduced by that amount.

14. Debtor also objects to any post-petition amounts being claimed, other that the monthly payment amount, that have not been authorized by this Honorable Court pursuant to the amount of the claim, since unreasonable and/or nonexistent costs and expenses are included.

15. It is also requested from this Honorable Court to find, that if any order, decree or judgement entered, related to this objection to claim, either by default or otherwise, will constitute res judicata as to claim status, amount or any other particular relating the claim.

### NOTICE OF OPPORTUNITY FOR HEARING PURSUANT TO LOCAL BANKRUPTCY RULE 3007-1(c)

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may – in its discretion – schedule a hearing.

**WHEREFORE** it is respectfully pray that proof of claim filed by Firstbank Puerto Rico for post-petition arrears be adjusted to the amount of $1,988.00, or the correct amount determined at the hearing if is less. Further, Debtor prays this Honorable court to grant this objection unless, within 30 days from the date of this objection, claimant files a written response to the objection with a request for hearing, with a copy thereof to the undersigned, in which case the Debtor requests the Court to set the matter for hearing at the earliest possible date. Attorney's fees and cost are requested.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Rafael A. Gonzalez Valiente, Esq. and Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and José R. Carrión, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, November 11, 2019

**LEGAL PARTNERS, P.S.C.**
138 Winston Churchill Ave., PMB 316
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com
Attorney for Debtor

### CERTIFICATE OF MAILING & SERVICE

I, **Christian Gonzalez**, hereby certify, that a true and exact copy of this motion was sent by Certified mail, to the following parties and addresses:

Aurelio Aleman, President
Firstbank Puerto Rico
PO Box 9416
San Juan, PR 00908

On this day, November 11, 2019.

**/s/Christian Gonzalez**
**Christian Gonzalez**
